IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRIAN KEITH FAUTNER § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | |
| § | NO. 3-06-CV-0060-M |
| NATHANIEL QUARTERMAN, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division § | |
| § | |
| Respondent. § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Brian Keith Fautner, by and through his court-appointed attorney, has filed an amended application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

Petitioner was convicted by a jury of delivery of more than one gram but less than four grams of cocaine. Punishment, enhanced by two prior felony convictions, was assessed at 30 years confinement. His conviction and sentence were affirmed on direct appeal. *Fautner v. State*, No. 05-01-01297-CR, 2003 WL 21783349 (Tex. App. --Dallas, Aug. 4, 2003, no pet.). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Fautner*, No. 45,162-02 (Tex. Crim. App. May 11, 2005). Petitioner then filed this action in federal district court.

After conducting a preliminary review of the habeas petition, the magistrate judge *sua sponte* questioned whether this case was barred by the AEDPA statute of limitations. *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). Petitioner, who at that time was appearing *pro se,* addressed the limitations issue in a written response filed on February 2, 2006. Unable to resolve this issue on the pleadings, the court scheduled an evidentiary hearing, appointed counsel to represent petitioner, and invited the parties to submit further briefing. *See* Order, 2/7/06. While preparing for this hearing, counsel uncovered evidence which suggested that one of the claims raised by petitioner in his state writ was still pending before the Texas Court of Criminal Appeals.[1] The magistrate judge agreed and recommended that petitioner's federal writ be dismissed without prejudice for failure to exhaust state remedies. *Fautner v. Dretke*, No. 3-06-CV-0060-M, rec. at 4 (N.D. Tex. Apr. 6, 2006). Respondent timely objected to that recommendation, arguing that petitioner's entire state writ was properly forwarded to the Texas Court of Criminal Appeals by the Dallas County district clerk where it was denied without written order. In addition, respondent renewed his argument that petitioner's federal writ was barred by the AEDPA statute of limitations. In light of those objections, the district judge remanded the case to the magistrate judge for further consideration.

---

[1] On July 6, 2004, petitioner filed an application for state post-conviction relief challenging his conviction on the grounds that: (1) the trial court lacked jurisdiction to convict him of a lesser included offense; (2) the evidence was insufficient to support the enhancement paragraphs of the indictment; and (3) his representation at trial was constitutionally deficient in numerous respects. For some reason not apparent from the record, petitioner's state writ was forwarded to the Texas Court of Criminal Appeals on August 11, 2004 without findings from the trial court. The appeals court denied the writ without written order on May 11, 2005. *Ex parte Fautner*, No. 45,164-02. Unaware of this disposition, the trial judge appointed an attorney to assist petitioner in developing his ineffective assistance of counsel claim. On October 21, 2005, after the state obtained an affidavit from trial counsel, the judge entered findings of fact and conclusions of law, approved the record, and forwarded the case to the Texas Court of Criminal Appeals.

On remand, the magistrate judge allowed petitioner to rebrief his grounds for relief with the assistance of counsel and directed respondent to answer those claims on the merits. Petitioner filed his amended application for writ of habeas corpus on August 11, 2006. Respondent filed an answer on October 5, 2006. The issues have been fully briefed by the parties and this case is ripe for determination.

II.

In his sole ground for relief, petitioner criticizes his attorney for failing to object to the prosecutor's closing argument that impermissibly raised the burden of proof for establishing an entrapment defense.[2]

A.

The Sixth Amendment to the United States Constitution guarantees the right to effective assistance of counsel in a criminal case. That right is denied when the performance of counsel falls below an objective standard of reasonable professional conduct and thereby prejudices the defense. *Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S.Ct. 1, 4, 157 L.Ed.2d 1 (2003), *citing Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 104 S.Ct. at 2068. *See also Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993) (habeas petitioner must

---

[2] In his answer, respondent once again argues that this case is barred by limitations. The court need not decide this procedural issue as petitioner is not entitled to federal habeas relief in any event. *See White v. Quarterman*, No. 3-06-CV-0705-P, 2006 WL 2914608 at *2 n.1 (N.D. Tex. Oct. 11, 2006) (Kaplan, J.) (declining to address affirmative defense of limitations where petitioner was not entitled to relief on the merits); *Wheat v. Dretke*, No. 3-05-CV-1315-H, 2005 WL 1667832 at *1 n.1 (N.D. Tex. Jul. 15, 2005) (Kaplan, J.), *rec. adopted*, 2005 WL 1837154 (N.D. Tex. Aug. 3, 2005) (same).

show that trial result was fundamentally unreliable or proceeding fundamentally unfair due to deficient performance of counsel).

Where, as here, a state court has already rejected an ineffective assistance of counsel claim, a federal court may grant habeas relief only if the state court adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). An unreasonable application of clearly established federal law is one in which "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*, 120 S.Ct. at 1523; *see also Pondexter v. Dretke*, 346 F.3d 142, 145-46 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2160 (2004). Stated differently, "a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'" *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003), *quoting Lockyer v. Andrade*, 538 U.S. 63, 76, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003).

With respect to mixed questions of fact and law, a federal habeas court must give deference to state court findings unless they are "based on an unreasonable determination of the facts in light

of the evidence presented in the state court proceeding." *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir.), *cert. denied*, 121 S.Ct. 508 (2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the petitioner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

B.

At trial, the state proved that petitioner sold 3.4 grams of crack cocaine to an undercover police officer for $300.00. Petitioner did not dispute that this transaction occurred. Instead, his sole defense was that he was coerced by another police officer who threatened to send him to jail unless he arranged the drug buy. (*See* SF III at 118). Thus, entrapment was a key issue in the case.

Under Texas law:

> It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

Tex. Penal Code Ann. § 8.06(a) (Vernon 2003). An entrapment defense has both a subjective and an objective component. A defendant seeking to avoid criminal liability based on entrapment must prove "that he was in fact induced, and that the conduct that induced him was such as to induce an ordinarily lawabiding person of average resistance." *England v. State*, 887 S.W.2d 902, 913 (Tex. Crim. App. 1994). In urging the jury to reject this defense, the prosecutor argued:

> First of all, you have to believe that there was persuasion by the police officer. In other words, something outside of your normal dope deal where the officer is merely giving the defendant an opportunity. Instead of that, they are doing something illegal. They are persuading or doing illegal persuading. That's the first thing you have to believe.

> The second thing you have to believe is that this persuasion was such as to cause a person of average resistance to commit the offense. *In other words, the average person like you and I would be persuaded to commit this offense.* Now, come on, that's kind of the way you have to look at it really. It is not whether or not the defendant given--given his tendencies to use and sell dope would be persuaded. It is whether or not the average person would be persuaded. That test fails in this case. There is no persuasion, nor would an average person be persuaded. It was merely affording an opportunity, that simply a normal dope deal. And the officers were doing their job.

(SF-III at 174-75) (emphasis added). Petitioner contends that trial counsel should have objected to this argument because, by using herself as the standard, the prosecutor transformed the "ordinarily law-abiding person" into an "exceptionally law-abiding person," thus raising the burden of proof for establishing entrapment to a level almost impossible to achieve. (*See* Am. Hab. Pet. at 13-14).

In rejecting this claim on collateral review, the state court implicitly found that counsel was not ineffective for failing to object to the prosecutor's jury argument. This finding is conclusive in a subsequent federal habeas proceeding unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001), *cert. denied*, 123 S.Ct. 106 (2002) (presumption of correctness applies to both explicit and implicit findings necessary to state court's conclusions of mixed law and fact). Not only has petitioner failed to rebut the state court findings, but he has not convinced this court that the jury argument was, in fact, improper. When considered as a whole, the prosecutor's argument correctly summarized the objective prong of the entrapment test. Her isolated remark that there is no entrapment unless "the average person like you and I would be persuaded to commit this offense" did not misstate the law or impose a heightened burden on the defense. Throughout the rest of her argument, the prosecutor made repeated references to the hypothetical "average person" without comparison to herself or anyone

else. Nothing suggests that the jury was confused by anything the prosecutor said or interpreted the "average person" to mean an "exceptionally law-abiding person." Consequently, this ground for relief should be overruled.[3]

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 25, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[3] None of the cases cited by petitioner compel a different conclusion. In *Ramos v. State*, 632 S.W.2d 688 (Tex. App.--Amarillo 1982, no pet.), the court discussed examples of police misconduct that may satisfy the objective prong of the entrapment test, but ultimately determined that the defendant failed to prove that he was induced or otherwise persuaded by law enforcement officers to engage in criminal activity. Although the court found entrapment in *Torres v. State*, 980 S.W.2d 873 (Tex. App.--San Antonio 1998, no pet.), the evidence in that case established that the undercover officer cultivated a friendship with the defendant, used that friendship to persuade the defendant to help him obtain drugs, and assured the defendant that he wouldn't be doing anything wrong. No such evidence exists here.